Steiner v. Kirkland                                                                                                                Doc. 3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD E. STEINER, JR., | No. C 06-4323 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| RICHARD J. KIRKLAND, warden, | |
| Respondent. | |

Ronald E. Steiner, Jr., a prisoner at Pelican Bay State Prison filed this action for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a disciplinary decision that resulted in a loss of time credits.

A prisoner in state custody who wishes to challenge collaterally in federal habeas proceedings either the fact or length of his confinement must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim he seeks to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted)

Steiner's habeas petition discloses that he did not exhaust state judicial remedies before filing this action. He attached a May 5, 2006 order from the Del Norte County Superior Court

United States District Court
For the Northern District of California

Dockets.Justia.com

1  denying his petition for writ of habeas corpus, but specifically alleged that he did not seek
2  review in the California Supreme Court. See Petition, p. 5.  Steiner must present his claims to
3  the California Supreme Court and receive a decision from that court to exhaust his state judicial
4  remedies.  Steiner's exhaustion of state <u>administrative</u> remedies before filing his federal petition
5  does not satisfy or excuse the requirement that state <u>judicial</u> remedies be exhausted before the
6  federal petition is filed.

7      The petition is dismissed because state judicial remedies were not exhausted before it was
8  filed.  See <u>Rose v. Lundy</u>, 455 U.S. at 510.  This dismissal is without prejudice to Steiner filing
9  a new federal petition after he exhausts state court remedies as to each claim contained in his
10 new petition by presenting those claims to the California Supreme Court and giving that court
11 a fair opportunity to rule on the merits of his claims.  Because this action is being dismissed
12 today, Steiner cannot file an amended petition in this action but instead must file a new petition;
13 a new case number will be assigned when he returns with a new petition after exhausting in state
14 court.  The clerk shall close the file.

15     IT IS SO ORDERED.

16 Dated: July 18, 2006

                                                    _____
                                                    SUSAN ILLSTON
                                                    United States District Judge

**United States District Court**
For the Northern District of California