UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD E. STEINER, JR.,

        Petitioner,

   v.

RICHARD J. KIRKLAND, warden,

        Respondent.        /

No. C 06-4323 SI (pr)

**ORDER OF DISMISSAL**

Ronald E. Steiner, Jr., a prisoner at Pelican Bay State Prison filed this action for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a disciplinary decision that resulted in a loss of time credits.

A prisoner in state custody who wishes to challenge collaterally in federal habeas proceedings either the fact or length of his confinement must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim he seeks to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted)

Steiner's habeas petition discloses that he did not exhaust state judicial remedies before filing this action. He attached a May 5, 2006 order from the Del Norte County Superior Court

denying his petition for writ of habeas corpus, but specifically alleged that he did not seek review in the California Supreme Court. See Petition, p. 5. Steiner must present his claims to the California Supreme Court and receive a decision from that court to exhaust his state judicial remedies. Steiner's exhaustion of state <u>administrative</u> remedies before filing his federal petition does not satisfy or excuse the requirement that state <u>judicial</u> remedies be exhausted before the federal petition is filed.

The petition is dismissed because state judicial remedies were not exhausted before it was filed. See <u>Rose v. Lundy</u>, 455 U.S. at 510. This dismissal is without prejudice to Steiner filing a new federal petition after he exhausts state court remedies as to each claim contained in his new petition by presenting those claims to the California Supreme Court and giving that court a fair opportunity to rule on the merits of his claims. Because this action is being dismissed today, Steiner cannot file an amended petition in this action but instead must file a new petition; a new case number will be assigned when he returns with a new petition after exhausting in state court. The clerk shall close the file.

IT IS SO ORDERED.

Dated: July 18, 2006

_____
SUSAN ILLSTON
United States District Judge